1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

9
10
11

NEIGHBORHOOD GRILLS MANAGEMENT
LLC and NEIGHBORHOOD GRILLS
HOLDING LLC, individually and on behalf of
all others similarly situated,

No.

12

                              Plaintiffs,

COMPLAINT—CLASS ACTION

13

        v.

JURY DEMAND

14

NATIONAL SURETY CORPORATION,

15

                              Defendant.

16
17

**I.    INTRODUCTION**

18      Plaintiffs, Neighborhood Grills Management LLC and Neighborhood Grills Holding LLC

19  (collectively, "Plaintiffs" or "Neighborhood Grills"), individually and on behalf of all other

20  similarly situated members of the defined national classes, and the defined Washington state

21  subclasses (collectively, the "Class Members"), by and through the undersigned attorneys, bring

22  this class action against Defendant National Surety Corporation ("Defendant") and allege as

23  follows based on personal knowledge and information and belief:

24
25
26

COMPLAINT—CLASS ACTION - 1

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

## II.    JURISDICTION AND VENUE

1.      This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d), because at least one member of the proposed Classes and Subclasses is a citizen of a state different from that of Defendant, the proposed Classes and Subclasses each consist of more than 100 class members, and the aggregate amount in controversy exceeds $5,000,000. The Court has supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367.

2.      This Court has personal jurisdiction over Defendant because Defendant is registered to do business in Washington, has sufficient minimum contacts in Washington, and otherwise intentionally avails itself of the markets within Washington through its business activities, such that the exercise of jurisdiction by this Court is proper. Moreover, Plaintiffs' claims and the claims of all the Washington Subclass Members arise out of and directly relate to Defendant's contacts with Washington.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(3) because the Court has personal jurisdiction over Defendant, a substantial portion of the alleged wrongdoing occurred in this District and the State of Washington, and Defendant has sufficient contacts with this District and the State of Washington.

4.      Venue is proper in the Western District of Washington pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims at issue in this Complaint arose in this District. Plaintiffs' predominant place of business is in King County. This action is therefore appropriately filed in this District.

COMPLAINT—CLASS ACTION - 2

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

### III.    PARTIES

5.      Plaintiffs Neighborhood Grills Management LLC and Neighborhood Grills Holding LLC own and operate several restaurants and bar businesses, as well as a catering business, predominantly located in King County, Washington.

6.      Defendant National Surety Corporation is an insurance company domiciled in Illinois, with its principal place of business in Chicago, Illinois. Defendant is one of several subsidiary insurer entities owned by parent company Allianz Insurer Group.

7.      Defendant is authorized and/or licensed to write, sell, and issue business insurance policies in all fifty states and the District of Columbia. Defendant and its sister entities owned by the same parent company conducted business within these regions by selling and issuing insurance policies to policyholders, including Plaintiffs.

8.      Defendant is vicariously liable for the acts and omissions of its employees and agents.

### IV.    NATURE OF THE CASE

9.      Plaintiffs own and operate several restaurant and bar businesses, as well as a catering business (collectively, "Neighborhood Grills businesses"). Neighborhood Grills businesses are known for their delectable American Fare, such as burgers and milkshakes, and casual in-person dining. The Neighborhood Grills businesses are located in densely populated neighborhoods in the Seattle metro area, including Eastlake, Green Lake, Bellevue, and Redmond, as well as downtown locations of Bremerton, Lake Forest Park, Maple Valley, and Gig Harbor, Washington.

10.      Historic photographs depicting indoor dining and bar space of Neighborhood Grills businesses follow:

COMPLAINT—CLASS ACTION - 3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26





COMPLAINT—CLASS ACTION - 4



11.     This lawsuit is filed to ensure that Neighborhood Grills and other similarly situated policyholders receive the insurance benefits to which they are entitled and for which they paid.

12.     Defendant issued one or more "all risk" insurance policies to Plaintiffs, including a businessowners policy and related endorsements ("the Policy"), insuring Plaintiffs' property and business, and providing related coverages, under at least policy number MXX80997125.

13.     Plaintiffs' business property includes property owned and/or leased by Plaintiffs and used for their specified business purposes. Access to some or all of this property and premises was prohibited by the governmental response to COVID-19.

14.     Plaintiffs' business property includes indoor bar, dining, and entertainment space with typical dine-in restaurant facilities for bar, dining, and entertainment services, including bar stools, bar counters, tables, chairs, serving ware, glassware, utensils, menus, microphones, condiment and napkin dispensers, and other related equipment and property for customer use while ordering, eating, drinking, participating in live events, and socializing inside the premises.

COMPLAINT—CLASS ACTION - 5

15.     Defendant promised to pay Plaintiffs for risks of "direct physical loss of or damage to" to covered property, and Plaintiffs' Policy includes coverage for risks of both "loss of or damage to" covered property.

16.     Defendant promised to pay Plaintiffs for risks of a "[c]overed crisis event," defined to include "[p]remises contamination," "[n]ecessary closure of [] covered premises due to any sudden, accidental and unintentional contamination or impairment of the covered premises or other property on the covered premises which results in clear, identifiable, internal or external visible symptoms of bodily injury, illness, or death[,]" and further including events caused by a "[c]ommunicable disease," which "means any disease or any related or resulting diseases, viruses, complexes, symptoms, manifestations, effects, conditions, or illnesses."

17.     Defendant promised to pay Plaintiffs "the actual loss of business income or rental value you sustain if a special event, not at a covered location, is canceled due to direct physical damage to property . . . caused by a covered cause of loss."

18.     Defendant promised to pay Plaintiffs "Event Cancellation and Postponement Expense Reimbursement" if events had to be cancelled or postponed because of acts of civil authority that prevent access to the described premises and other events.

19.     Defendant promised to pay Plaintiffs the actual expense incurred due to a communicable disease event occurring at the Plaintiffs' premises. The Policy defined "[c]ommunicable disease event" as meaning that "an official public health authority has ordered your premises to be evacuated and disinfected due to the outbreak of a communicable disease at the covered location."

20.     The policy coverages issued by Defendant to Plaintiffs includes Business Income Coverage, Extra Expense Coverage, Extended Business Income Coverage, Civil Authority

COMPLAINT—CLASS ACTION - 6

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Coverage, Crisis Management Coverage, Off Premises Special Event Cancellation Coverage, Event Cancellation and Postponement Expense Reimbursement Coverage, and Communicable Disease Extra Expense Coverage.

21.    The Policy expressly defines a "Covered Cause of Loss" as meaning "direct physical loss."

22.    On information and belief, Defendant and affiliated entities owned by the same parent company issued materially identical policies to thousands of businesses throughout Washington and in other states.

23.    Plaintiffs paid all premiums for the coverages when due.

24.    On or about January 2020, the United States of America saw its first cases of persons infected by COVID-19, which has been designated a worldwide pandemic.

25.    COVID-19 is a highly contagious virus that rapidly and easily spreads; it continues to spread across the United States, including in the State of Washington.

26.    In many infected persons, COVID-19 causes severe illness and requires hospitalization, including intubation. The virus has killed over 500,000 people in the United States to date. Persons who survive the virus have experienced ongoing cognitive, neurological, and physical impacts from the virus, even after the virus is no longer actively detected in their bodies.

27.    The COVID-19 virus is a physical substance that spreads from person to person through respiratory droplets that reach another person and that are produced when an infected person breathes, talks, coughs, or sneezes. It also spreads when virus respiratory droplets are exhaled and aerosolized, and deposited on a surface or object (e.g., tables, chairs, bar stools, microphones, glassware, kitchen and culinary equipment, door knobs, touch screens, computer

COMPLAINT—CLASS ACTION - 7

keyboards, and writing or eating utensils) and those objects are then touched by another person who then touches their own mouth, nose, or eyes. COVID-19 is caused by a novel (new) coronavirus that has not previously been seen in humans.[1]

28.      COVID-19 remains stable and transmittable in aerosols for up to three hours and up to two or three days on surfaces. Persons infected with COVID-19 can be asymptomatic yet still spread the virus. Guidance issued by the Centers for Disease Control and Prevention ("CDC") recommends avoiding indoor activities, adhering to strict sanitation protocols, and maintaining social distance of at least six feet from others in order to minimize the spread of COVID-19.[2]

29.      Public health data throughout the United States, and on a state-by-state basis, shows that COVID-19 has been detected in every state.

30.      The first confirmed case of COVID-19 in King County was noted on January 21, 2020.[3]

31.      Public health data throughout the United States shows the number of COVID-19 tests administered, the rate of positive testing, the numbers of persons diagnosed with COVID-19, the number of persons hospitalized due to COVID-19, the number of deaths from COVID-19, and other related statistics, by state, county, and sometimes by city.[4]

---

[1] *See, e.g.*, *Coronavirus (COVID-19): Frequently Asked Questions*, CDC (updated Mar. 17, 2021), https://www.cdc.gov/coronavirus/2019-ncov/faq.html.

[2] *See Coronavirus (COVID-19): Personal and Social Activities*, CDC (updated Feb. 19, 2021), https://www.cdc.gov/coronavirus/2019-ncov/daily-life-coping/personal-social-activities.html.

[3] Casey McNerthney, *Coronavirus in Washington State: A Timeline of the Outbreak Through March 2020*, KIRO 7 News (Apr. 3, 2020, 2:03 AM), https://www.kiro7.com/news/local/coronavirus-washington-state-timeline-outbreak/IM65JK66N5BYTIAPZ3FUZSKMUE/.

[4] *See, e.g.*, *Coronavirus in the U.S.: Latest Map and Case Count*, N.Y. Times (updated Mar. 17, 2021, 7:53 AM), https://www.nytimes.com/interactive/2020/us/coronavirus-us-cases.html?action=click&module=Top%20Stories&pgtype=Homepage (reflecting COVID-19 statistics, on a state-by-state, county-by-county, and aggregated basis since March 2020).

COMPLAINT—CLASS ACTION - 8

32.     As of March 16, 2021, at least 331,109 individuals in the State of Washington have tested positive for COVID-19, 19,957 have been hospitalized, and 5,156 have died due to the COVID-19 virus.[5]

33.     As of March 16, 2021, at least 84,572 individuals in King County have tested positive for COVID-19, 5,225 have been hospitalized, and 1,442 have died due to the COVID-19 virus.[6]

34.     The presence of any COVID-19 aerosolized or suspended droplets or particles in the air or otherwise circulating in an indoor environment renders that physical space, or physical property, unsafe and unusable.

35.     The presence of any COVID-19 aerosolized or suspended droplets or particles in the air or otherwise circulating in an indoor environment causes direct physical damage to property and/or direct physical loss of property.

36.     The presence of any COVID-19 droplets or particles on physical surfaces renders items of physical property unsafe and unusable.

37.     The presence of any COVID-19 droplets or particles on physical surfaces causes direct physical damage to property and/or direct physical loss of property.

38.     The presence of people infected with or carrying COVID-19 particles at premises renders the premises, including property located at that premises, unsafe and unusable, resulting in direct physical damage and/or direct physical loss to the premises and property.

39.     Loss of functionality of property that has not been physically altered constitutes direct physical loss of property and/or direct physical damage to property.

---

[5] *COVID-19 Data Dashboard*, Wash. State Dep't of Health (last updated Mar. 17, 2021, 5:18 PM), https://www.doh.wa.gov/Emergencies/COVID19/DataDashboard.
[6] *Id.*

COMPLAINT—CLASS ACTION - 9

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

40.    On February 29, 2020, Washington Governor Jay Inslee issued Proclamation 20-05, declaring a State of Emergency for all counties in the State of Washington as a result of the COVID-19 outbreak.[7]

41.    Thereafter, Governor Inslee issued a series of proclamations and orders affecting many persons and businesses in the State of Washington, whether infected with COVID-19 or not, requiring certain public health precautions.

42.    Some local agencies acted even more quickly than the state. On February 27, 2020, the Northshore School District closed Bothell High School to completely disinfect the entire school because of concerns about the safety of school property stemming from COVID-19.[8] On March 2, 2020, Everett Public Schools Superintendent Dr. Ian B. Saltzman made a similar announcement closing schools, highlighting that Everett Schools would clean both schools and school buses.[9]

43.    Issued March 12, 2020, Proclamation 20-08 closed all public and private K-12 schools in King, Pierce, and Snohomish counties.[10] Issued March 13, 2020, Proclamation 20-09, "Statewide K-12 School Closures," extended the school closure to the entire state.[11]

---

[7] Proclamation 20-05 of Washington Gov. Jay Inslee (Feb. 29, 2020), https://www.governor.wa.gov/sites/default/files/proclamations/20-05%20Coronavirus%20(final).pdf.

[8] *See* Michelle Reid, *Letter to Families: Bothell High School Closure*, Northshore Sch. District (Feb. 26, 2020), https://www.nsd.org/blog/~board/superintendent-blog/post/letter-to-families-bothell-high-school-closure.

[9] *See* Ian B. Saltzman, *Superintendent's Message, March 2, 2020*, Everett Pub. Schools (Mar. 2, 2020), https://www.everettsd.org/Page/32622.

[10] Proclamation 20-08 of Washington Gov. Jay Inslee (Mar. 12, 2020), https://www.governor.wa.gov/sites/default/files/proclamations/20-08%20Coronavirus%20%28tmp%29.pdf.

[11] Proclamation 20-09 of Washington Gov. Jay Inslee, *Statewide K-12 School Closures* (Mar. 13, 2020), https://www.governor.wa.gov/sites/default/files/proclamations/20-09%20Coronavirus%20Schools%20Amendment%20%28tmp%29.pdf.

COMPLAINT—CLASS ACTION - 10

44.     Also on March 13, 2020, Governor Inslee issued Proclamation 20-11, "Statewide Limits on Gatherings," which prohibited all gatherings of 250 people or more in all Washington counties, including King County.[12]

45.     On March 16, 2020, Governor Inslee issued Proclamation 20-13, "Statewide Limits: Food and Beverage Services, Areas of Congregation" which amended Proclamation 20-05.[13] The proclamation prohibits "any number of people from gathering in any public venue in which people congregate for purposes of . . . food and beverage service."[14] The proclamation further prohibited "the onsite consumption of food and/or beverages" in all restaurants, bars, taverns, and for catered events.[15]

46.     Proclamation 20-13 further states that the pandemic "remains a public disaster affecting life, health, property or the public peace."[16]

47.     Also on March 16, 2020, Governor Inslee issued Proclamation 20-14, "Reduction of Statewide Limits on Gatherings," which prohibited all gatherings of fifty people or more in all Washington counties, including King County, and further prohibited gatherings of fewer people unless organizers of those activities complied with certain social distancing and sanitation measures.[17]

---

[12] Proclamation 20-11 of Washington Gov. Jay Inslee, *Statewide Limits on Gatherings* at p. 2 (Mar. 13, 2020), https://www.governor.wa.gov/sites/default/files/proclamations/20-11%20Coronavirus%20Gatherings%20Amendment%20%28tmp%29.pdf.

[13] Proclamation 20-13 of Washington Gov. Jay Inslee, *Statewide Limits: Food and Beverage Services, Areas of Congregation* (Mar. 16, 2020), https://www.governor.wa.gov/sites/default/files/proclamations/20-13%20Coronavirus%20Restaurants-Bars%20%28tmp%29.pdf.

[14] *Id.* at p. 2.

[15] *Id.*

[16] *Id.* at p. 1.

[17] Proclamation 20-14 of Washington Gov. Jay Inslee, *Reduction of Statewide Limits on Gatherings* at p. 2 (Mar. 16, 2020), https://www.governor.wa.gov/sites/default/files/proclamations/20-14%20COVID-19%20-%20Prohibitions%20on%20Gatherings%20%28tmp%29.pdf.

COMPLAINT—CLASS ACTION - 11

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

48.    On March 23, 2020, Governor Inslee issued Proclamation 20-25, "Stay Home – Stay Healthy."[18] The proclamation, which amends prior proclamations, requires that "[a]ll people in Washington State [] immediately cease leaving their home or place of residence except: (1) to conduct or participate in essential activities, and/or (2) for employment in essential business services."[19] The proclamation prohibits "all non-essential businesses in Washington State from conducting business, within the limitations provided herein."[20]

49.    Proclamation 20-25 continues a State of Emergency, and states that "the worldwide COVID-19 pandemic and its progression in Washington State continues to threaten the life and health of our people as well as the economy of Washington State, and remains a public disaster affecting life, health, property or the public peace."[21] The proclamation allows for restaurants and food services to operate only to "provid[e] delivery or take-away services" and "so long as proper social distancing and sanitation measures are established and implemented."[22]

50.    On November 15, 2020, Governor Inslee issued Proclamation 20-25.8, "Stay Safe – Stay Healthy" "Rollback of County-by-County Phased Reopening Responding to a COVID-19 Outbreak Surge," which amended Proclamation 20-05 and 20-25, *et seq.*[23] The proclamation again closed restaurants and bars for indoor dine-in service.

51.    Proclamation 20-25.8 also prohibits indoor operations at a variety of business locations throughout Seattle and King County and elsewhere in the State of Washington,

---

[18] Proclamation 20-25 of Washington Gov. Jay Inslee, *Stay Home – Stay Healthy* (Mar. 23, 2020), https://www.governor.wa.gov/sites/default/files/proclamations/20-25%20Coronovirus%20Stay%20Safe-Stay%20Healthy%20%28tmp%29%20%28002%29.pdf.
[19] *Id.* at p. 3.
[20] *Id.* at p. 2.
[21] *Id.* at p. 1.
[22] *Id.* at p. 5.
[23] Proclamation 20-25.8 of Washington Gov. Jay Inslee, *"Stay Safe – Stay Healthy" Rollback of County-by-County Phased Reopening Responding to a COVID-19 Outbreak Surge* (Nov. 15, 2020), https://www.governor.wa.gov/sites/default/files/proclamations/proc_20-25.8.pdf.

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

including but not limited to other restaurants and bars, fitness facilities and gyms, bowling centers, and movie theaters.[24]

52.    Governor's Inslee's proclamations and orders related to COVID-19 (collectively, "the proclamations and orders") have been extended and modified from time to time.[25]

53.    Plaintiffs have complied with the proclamations and orders which have required it to close, suspend, and/or curtail its business.

54.    Among other things, Plaintiffs complied with the proclamations and orders by preventing the public, including its customers, clients, and performers, from entering its places of business to participate in business activities such as consuming food and beverages and private events, which were routine and allowed prior to the issuance of the proclamations and orders.

55.    In order to comply with the proclamations and orders, Plaintiffs were forced to suspend their business and incur extra expense.

56.    In order to comply with the proclamations and orders, Plaintiffs were unable to use their restaurant, bar, and private event spaces for its insured purpose of sit-down dining, bar, and live entertainment.

57.    Plaintiffs invested in their business property, insured the business property, and insured the income derived from its business property, but Plaintiffs were deprived of the property's functionality due to the government's response to the COVID-19 pandemic.

58.    Loss caused by Governor Inslee's orders and proclamations and/or related to COVID-19 rendered Plaintiffs' property unusable for its intended and insured purpose.

---

[24] *Id.* at pp. 3-4.
[25] *See, e.g.*, *Restaurant, Tavern, Breweries, Wineries and Distilleries COVID-19 Requirements*, Wash. Gov. Jay Inslee (updated Nov. 16, 2020), https://www.governor.wa.gov/sites/default/files/COVID19%20Phase%202%20and%203%20Restaurant%20and%20Tavern%20Guidance.pdf?utm_medium=email&utm_source=govdelivery.

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

59.    Governors and civil authorities in other states have issued similar orders and proclamations, for similar reasons.

60.    Plaintiffs' property sustained direct physical loss and/or direct physical property damage related to the proclamations and orders, and/or COVID-19.

61.    Plaintiffs' business and property will continue to sustain direct physical loss or damage covered by Defendant's Policy, including but not limited to business interruption, extra expense, interruption by civil authority, and other expenses.

62.    Plaintiffs suffered direct physical loss of use of the covered properties for its intended purposes.

63.    As a result of the above, Plaintiffs have experienced and will experience loss covered by Defendant's Policy.

64.    Plaintiffs' suspension of its business in response to the proclamations and orders caused Plaintiffs to suffer a business loss.

65.    Plaintiffs complied with all requirements in the Policy.

66.    Plaintiffs made a claim for insurance benefits on or about March 5, 2020.

67.    Defendant denied Plaintiffs' claim for insurance benefits by letter dated June 10, 2020.

68.    Defendant made no meaningful investigation of Plaintiffs' claim or its loss.

69.    Without any basis, Defendant's denial letter asserts there was not any suspension of Plaintiffs' operations nor any direct physical loss of or damage to covered property.

70.    Defendant's denial letter also concludes without basis that access to Plaintiffs' property was not prohibited due to direct physical loss of or damage to property at other locations.

COMPLAINT—CLASS ACTION - 14

71.     Upon information and belief, Defendant has denied all claims submitted to it for business income coverage that relate to governmental proclamations or orders and/or COVID-19.

72.     Upon information and belief, Defendant has undertaken no meaningful investigation regarding whether there is any presence of COVID-19 at Plaintiffs' insured premises.

73.     Upon information and belief, Defendant has undertaken no meaningful investigation regarding the timing, scope, or impact of governmental proclamations or closure orders that affect Plaintiffs' business or business property.

74.     Upon information and belief, Defendant has undertaken no meaningful investigation regarding the community spread of COVID-19 in the vicinity of Plaintiffs' business.

75.     Upon information and belief, Defendant has undertaken no meaningful investigation into Plaintiffs' business premises or their vicinities.

76.     Upon information and belief, Defendant has denied and will deny coverage to Plaintiffs and all other similarly situated policyholders based on Defendant's uniform policy to deny business interruption claims stemming from government closure orders related to COVID-19.

77.     Defendant's across-the-board coverage denials are not consistent with its policy language and with its obligations to investigate losses arising under its policies. Courts have found coverage or reasonable grounds for coverage during the COVID-19 pandemic in one or more ways, including based on: (1) the actual or potential presence of virus in the air in the vicinity of the policyholder's business; (2) the necessity of modifying physical behaviors through the use of social distancing, avoiding confined indoor spaces, and/or not congregating in the

COMPLAINT—CLASS ACTION - 15

same physical area as others; (3) governmental orders requiring that physical spaces such as the policyholder's business be shut down or that other property not be used for its insured business purposes; and/or (4) the need to mitigate the threat or actual physical presence of virus on door-handles, tables, silverware, surfaces, in heating and air conditioning systems and any other of the places where virus may be found.

## V.    CLASS ACTION ALLEGATIONS

78.    This matter is brought by Plaintiffs on behalf of themselves and those similarly situated, under Federal Rule of Civil Procedure 23(a), 23(b)(1), 23(b)(2), and 23(b)(3).

79.    Prosecuting separate actions by individual class members, in lieu of proceeding as a class action, would create a risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendant.

80.    As alleged above, Defendant has acted or refused to act on grounds that apply generally to the proposed Classes and Subclasses, such that final injunctive relief or declaratory relief is appropriate.

81.    The questions of law or fact common to Classes and Subclasses Members predominate over any questions affecting only individual members, and a class action is superior to other methods for fairly and efficiently adjudicating this controversy.

82.    The Classes and Subclasses that Plaintiffs seek to represent are defined as:

A.    ***Business Income Breach of Contract Class:*** All persons and entities in the United States issued one of Defendant's policies with Business Income Coverage who suffered a suspension of their business at the covered premises related to COVID-19 and/or proclamations or orders issued by Governor Inslee, other Governors, and/or other civil authorities, and whose Business Income claim has been denied by Defendant.

COMPLAINT—CLASS ACTION - 16

B.    ***Business Income Breach of Contract Washington Subclass:*** All persons and entities in the state of Washington issued one of Defendant's policies with Business Income Coverage who suffered a suspension of their business at the covered premises related to COVID-19 and/or proclamations or orders issued by Governor Inslee, and/or other civil authorities and whose Business Income claim has been denied by Defendant.

C.    ***Business Income Declaratory Relief Class:*** All persons and entities in the United States issued one of Defendant's policies with Business Income Coverage who suffered a suspension of their business at the covered premises related to COVID-19 and/or proclamations or orders issued by Governor Inslee, other Governors, and/or civil authorities.

D.    ***Business Income Declaratory Relief Washington Subclass:*** All persons and entities in the state of Washington issued one of Defendant's policies with Business Income Coverage who suffered a suspension of their business at the covered premises related to COVID-19 and/or proclamations or orders issued by Governor Inslee, and/or other civil authorities.

E.    ***Extra Expense Breach of Contract Class:*** All persons and entities in the United States issued one of Defendant's policies with Extra Expense coverage who incurred expenses while seeking to minimize the suspension of business at the covered premises in connection with COVID-19 and/or proclamations or orders issued by Governor Inslee, other Governors, and/or other civil authorities whose Extra Expense claim has been denied by Defendant.

F.    ***Extra Expense Breach of Contract Washington Subclass:*** All persons and entities in the state of Washington issued one of Defendant' policies with Extra

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Expense Coverage who incurred expenses while seeking to minimize the suspension of business at the covered premises in connection with COVID-19 and/or proclamations or orders issued by Governor Inslee, and/or other civil authorities and whose Extra Expense claim has been denied by Defendant.

G.    ***Extra Expense Declaratory Relief Class:*** All persons and entities in the United States issued one of Defendant's policies with Extra Expense Coverage who incurred expenses while seeking to minimize the suspension of business at the covered premises in connection with COVID-19 and/or proclamations or orders issued by Governor Inslee, other Governors, and/or other civil authorities.

H.    ***Extra Expense Declaratory Relief Washington Subclass:*** All persons and entities in the state of Washington issued one of Defendant's policies with Extra Expense Coverage who incurred expenses while seeking to minimize the suspension of business at the covered premises in connection with COVID-19 and/or proclamations or orders issued by Governor Inslee, and/or other civil authorities.

I.    ***Extended Business Income Breach of Contract Class***: All persons and entities in the United States issued one of Defendant's policies with Extended Business Income Coverage who suffered a suspension of their business at the covered premises related to COVID-19 and/or proclamations or orders issued by Governor Inslee, other Governors, and/or other civil authorities and whose Extended Business Income claim has been denied by Defendant.

J.    ***Extended Business Income Breach of Contract Washington Subclass***: All persons and entities in the state of Washington issued one of Defendant's policies with Extended Business Income Coverage who suffered a suspension of their business at

COMPLAINT—CLASS ACTION - 18

the covered premises related to COVID-19 and/or proclamations or orders issued by Governor Inslee, and/or other civil authorities and whose Extended Business Income claim has been denied by Defendant.

      K.      ***Extended Business Income Declaratory Relief Class:*** All persons and entities in the United States issued one of Defendant's policies with Extended Business Income Coverage who suffered a suspension of their business at the covered premises related to COVID-19 and/or proclamations or orders issued by Governor Inslee, other Governors, and/or other civil authorities.

      L.      ***Extended Business Income Declaratory Relief Washington Subclass:*** All persons and entities in the state of Washington issued one of Defendant's with Extended Business Income Coverage who suffered a suspension of their business at the covered premises related to COVID-19 and/or proclamations or orders issued by Governor Inslee, and/or other civil authorities.

      *M.*      ***Civil Authority Breach of Contract Class:*** All persons and entities in the United States issued one of Defendant's policies with Civil Authority Coverage who suffered a suspension of their business at the covered premises related to the impact of COVID-19 and/or proclamations or orders issued by Governor Inslee, other Governors, and/or other civil authorities and whose Civil Authority claim has been denied by Defendant.

      *N.*      ***Civil Authority Breach of Contract Washington Subclass:*** All persons and entities in the state of Washington issued one of Defendant's policies with Civil Authority Coverage who suffered a suspension of their business at the covered premises related to the impact of COVID-19 and/or proclamations or orders issued by Governor

COMPLAINT—CLASS ACTION - 19

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Inslee, and/or other civil authorities and whose Civil Authority claim has been denied by Defendant.

O.    ***Civil Authority Declaratory Relief Class:*** All persons and entities in the United States issued one of Defendant's policies with Civil Authority Coverage who suffered a suspension of their business at the covered premises related to COVID-19 and/or proclamations or orders issued by Governor Inslee, other Governors, and/or other civil authorities.

P.    ***Civil Authority Declaratory Relief Washington Subclass:*** All persons and entities in the state of Washington issued one of Defendant's policies with Civil Authority Coverage who suffered a suspension of their business at the covered premises related to COVID-19 and/or proclamations or orders issued by Governor Inslee, and/or other civil authorities.

Q.    ***Crisis Management Breach of Contract Class:*** All persons and entities in the United States issued one of Defendant's policies with Crisis Management Coverage who suffered a suspension of their business at the covered premises related to COVID-19 and/or proclamations or orders issued by Governor Inslee, other Governors, and/or other civil authorities, and whose Crisis Management claim has been denied by Defendant.

R.    ***Crisis Management Breach of Contract Washington Subclass:*** All persons and entities in the state of Washington issued one of Defendant's policies with Crisis Management Coverage who suffered a suspension of their business at the covered premises related to COVID-19 and/or proclamations or orders issued by Governor Inslee, and/or other civil authorities and whose Crisis Management claim has been denied by Defendant.

COMPLAINT—CLASS ACTION - 20

S.      ***Crisis Management Declaratory Relief Class:*** All persons and entities in the United States issued one of Defendant's policies with Crisis Management Coverage who suffered a suspension of their business at the covered premises related to COVID-19 and/or proclamations or orders issued by Governor Inslee, other Governors, and/or civil authorities.

T.      ***Crisis Management Declaratory Relief Washington Subclass:*** All persons and entities in the state of Washington issued one of Defendant's policies with Crisis Management Coverage who suffered a suspension of their business at the covered premises related to COVID-19 and/or proclamations or orders issued by Governor Inslee, and/or other civil authorities.

U.      ***Off Premises Special Event Cancellation Coverage Breach of Contract Class:*** All persons and entities in the United States issued one of Defendant's policies with Off Premises Special Event Cancellation Coverage who suffered event cancellation related to COVID-19 and/or proclamations or orders issued by Governor Inslee, other Governors, and/or other civil authorities, and whose Off Premises Special Event Cancellation Coverage claim has been denied by Defendant.

V.      ***Off Premises Special Event Cancellation Coverage Breach of Contract Washington Subclass:*** All persons and entities in the state of Washington issued one of Defendant's policies with Off Premises Special Event Cancellation Coverage who suffered event cancellation related to COVID-19 and/or proclamations or orders issued by Governor Inslee, and/or other civil authorities and whose Off Premises Special Event Cancellation Coverage claim has been denied by Defendant.

COMPLAINT—CLASS ACTION - 21

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

W.     ***Off Premises Special Event Cancellation Coverage Declaratory Relief Class:*** All persons and entities in the United States issued one of Defendant's policies with Off Premises Special Event Cancellation Coverage Coverage who suffered event cancellation related to COVID-19 and/or proclamations or orders issued by Governor Inslee, other Governors, and/or civil authorities.

X.     ***Off Premises Special Event Cancellation Coverage Declaratory Relief Washington Subclass:*** All persons and entities in the state of Washington issued one of Defendant's policies with Off Premises Special Event Cancellation Coverage who suffered event cancellation related to COVID-19 and/or proclamations or orders issued by Governor Inslee, and/or other civil authorities.

Y.     ***Event Cancellation and Postponement Expense Reimbursement Coverage Breach of Contract Class:*** All persons and entities in the United States issued one of Defendant's policies with Event Cancellation and Postponement Expense Reimbursement Coverage who suffered event cancellation related to COVID-19 and/or proclamations or orders issued by Governor Inslee, other Governors, and/or other civil authorities, and whose Event Cancellation and Postponement Expense Reimbursement Coverage claim has been denied by Defendant.

Z.     ***Event Cancellation and Postponement Expense Reimbursement Coverage Breach of Contract Washington Subclass:*** All persons and entities in the state of Washington issued one of Defendant's policies with Event Cancellation and Postponement Expense Reimbursement Coverage who suffered event cancellation related to COVID-19 and/or proclamations or orders issued by Governor Inslee, and/or other

COMPLAINT—CLASS ACTION - 22

civil authorities and whose Event Cancellation and Postponement Expense Reimbursement Coverage claim has been denied by Defendant.

AA. *Event Cancellation and Postponement Expense Reimbursement Coverage Declaratory Relief Class:* All persons and entities in the United States issued one of Defendant's policies with Event Cancellation and Postponement Expense Reimbursement Coverage who suffered event cancellation related to COVID-19 and/or proclamations or orders issued by Governor Inslee, other Governors, and/or civil authorities.

BB. *Event Cancellation and Postponement Expense Reimbursement Coverage Declaratory Relief Washington Subclass:* All persons and entities in the state of Washington issued one of Defendant's policies with Event Cancellation and Postponement Expense Reimbursement Coverage who suffered a suspension of their business at the covered premises related to COVID-19 and/or proclamations or orders issued by Governor Inslee, and/or other civil authorities.

CC. *Communicable Disease Extra Expense Coverage Breach of Contract Class:* All persons and entities in the United States issued one of Defendant's policies with Communicable Disease Extra Expense Coverage who suffered a communicable disease event related to COVID-19 and/or proclamations or orders issued by Governor Inslee, other Governors, and/or other civil authorities, and whose Communicable Disease Extra Expense Coverage claim has been denied by Defendant.

DD. *Communicable Disease Extra Expense Coverage Breach of Contract Washington Subclass:* All persons and entities in the state of Washington issued one of Defendant's policies with Communicable Disease Extra Expense Coverage who suffered

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

a communicable disease event related to COVID-19 and/or proclamations or orders issued by Governor Inslee, and/or other civil authorities and whose Communicable Disease Extra Expense Coverage claim has been denied by Defendant.

EE. ***Communicable Disease Extra Expense Coverage Declaratory Relief Class:*** All persons and entities in the United States issued one of Defendant's policies with Communicable Disease Extra Expense Coverage who suffered a communicable disease related to COVID-19 and/or proclamations or orders issued by Governor Inslee, other Governors, and/or civil authorities.

FF. ***Communicable Disease Extra Expense Coverage Declaratory Relief Washington Subclass:*** All persons and entities in the state of Washington issued one of Defendant's policies with Crisis Management Coverage who suffered a communicable disease event related to COVID-19 and/or proclamations or orders issued by Governor Inslee, and/or other civil authorities.

83.   Excluded from the Classes and Subclasses are Defendant's officers, directors, agents, and employees; the judicial officers and associated court staff assigned to this case; and the immediate family members of such officers and staff. Plaintiffs reserve the right to amend each proposed Class definition, including based on information obtained in discovery.

84.   This action may properly be maintained on behalf of each proposed Class under the criteria of Federal Rule of Civil Procedure 23.

85.   **Numerosity**: The Class Members are so numerous that joinder of all members would be impractical. Plaintiffs are informed and believe that each proposed Class and Subclass contains thousands of members. The precise number of Class Members can be ascertained through discovery, which will include Defendant's records of policyholders.

COMPLAINT—CLASS ACTION - 24

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

86.    **Commonality and Predominance**: Common questions of law and fact predominate over any questions affecting only individual members of the Class. Common questions include, but are not limited to, the following:

A.    Whether the Class and Subclass Members suffered cognizable losses under the Defendant's policies;

B.    Whether Defendant acted in a manner common to the Class and Subclass in denying claims for coverage relating to COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or other civil authorities;

C.    Whether Business Income Coverage in Defendant's policies of insurance applies to a suspension of business relating to COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or other civil authorities;

D.    Whether Extra Expense Coverage in Defendant's polices of insurance applies to efforts to minimize a loss relating to COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or other civil authorities;

E.    Whether Extended Business Income Coverage in Defendant's policies of insurance applies to a suspension of business relating to COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or civil authorities;

F.    Whether Civil Authority Coverage in Defendant's policies of insurance applies to a suspension of business relating to COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or civil authorities;

G.    Whether Crisis Management Coverage in Defendant's policies of insurance applies to a suspension of business relating to COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or other civil authorities;

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

H.      Whether Off Premises Special Event Cancellation Coverage in Defendant's policies of insurance applies to event cancellation relating to COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or other civil authorities;

I.      Whether Event Cancellation and Postponement Expense Reimbursement Coverage in Defendant's policies of insurance applies to event cancellation relating to COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or other civil authorities;

J.      Whether Communicable Disease Extra Expense Coverage in Defendant's policies of insurance applies to communicable disease events relating to COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or other civil authorities; and

K.      Whether Defendant carried out a blanket denial of all claims based on business interruption, income loss or closures related to COVID-19 and/or orders issued by Governor Inslee, over Governors, and/or other civil authorities.

L.      Whether Defendant has breached its contracts of insurance through a blanket denial of all claims based on business interruption, income loss or closures related to COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or other civil authorities; and

M.      Whether, because of Defendant's conduct, Plaintiffs and the Class Members are entitled to equitable and declaratory relief, and if so, the nature of such relief.

87.      **Typicality**: Plaintiffs' claims are typical of the claims of the members of the Classes. Plaintiffs and all the members of the classes have been injured by the same wrongful

COMPLAINT—CLASS ACTION - 26

practices of Defendant. Plaintiffs' claims arise from the same practices and course of conduct that give rise to the claims of the Class Members, are based on the same or materially similar policy forms, and are based on the same legal theories.

88.     **Adequacy**: Plaintiffs will fully and adequately assert and protect the interests of the Classes and have retained class counsel who are experienced and qualified in prosecuting class actions. Neither Plaintiffs nor their attorneys have any interests contrary to or in conflict with the Classes.

89.     **Federal Rule of Civil Procedure 23(b)(1), the Risk of Inconsistent or Varying Adjudications and Impairment to Other Class Members' Interests**: Plaintiffs seek adjudication as to the interpretation, and resultant scope, of Defendant's policies, which are common to all Class Members. The prosecution of separate actions by individual members of the classes would risk inconsistent or varying interpretations of those policy terms and create inconsistent standards of conduct for Defendant. The policy interpretations sought by Plaintiffs could also impair the ability of absent Class Members to protect their interests.

90.     **Federal Rule of Civil Procedure 23(b)(2), Declaratory and Injunctive Relief**: Defendant acted or refused to act on grounds generally applicable to Plaintiffs and other members of the proposed Classes making injunctive relief and declaratory relief appropriate on a class-wide basis.

91.     **Federal Rule of Civil Procedure 23(b)(3), Superiority**: A class action is superior to all other available methods of the fair and efficient adjudication of this lawsuit. While the aggregate damages sustained by the classes are likely to be in the millions of dollars, the individual damages incurred by each class member may be too small to warrant the expense of individual suits. Individual litigation creates a risk of inconsistent and/or contradictory decisions

COMPLAINT—CLASS ACTION - 27

and the court system would be unduly burdened by individual litigation of such cases. A class action would result in a unified adjudication, with the benefits of economies of scale and supervision by a single court.

## VI.    CAUSES OF ACTION

### Count One—Declaratory Judgment

***(Brought on behalf of the Business Income Coverage Declaratory Relief Class, Business Income Coverage Declaratory Relief Washington Subclass, Extra Expense Declaratory Relief Class, Extra Expense Declaratory Relief Washington Subclass, Extended Business Income Declaratory Relief Class, Extended Business Income Declaratory Relief Washington Subclass, Civil Authority Relief Class, Civil Authority Relief Washington Subclass, Crisis Management Coverage Declaratory Relief Class, Crisis Management Coverage Declaratory Relief Washington Subclass, Off Premises Special Event Cancellation Coverage Declaratory Relief Class, Off Premises Special Event Cancellation Coverage Declaratory Relief Washington Subclass, Event Cancellation and Postponement Expense Reimbursement Coverage Declaratory Relief Class, Event Cancellation and Postponement Expense Reimbursement Coverage Declaratory Relief Washington Subclass, Communicable Disease Extra Expense Coverage Declaratory Relief Class, and Communicable Disease Extra Expense Coverage Declaratory Relief Washington Subclass)***

92.    Previous paragraphs alleged are incorporated herein.

93.    This is a cause of action for declaratory judgment pursuant to the Declaratory Judgment Act, codified at 28 U.S.C. § 2201.

94.    Plaintiffs bring this cause of action on behalf of the Business Income Coverage Declaratory Relief Class, Business Income Declaratory Washington Subclass, Extra Expense Declaratory Relief Class, Extra Expense Declaratory Relief Washington Subclass Extended Business Income Declaratory Relief Class, Extended Business Income Declaratory Relief Washington Subclass, Civil Authority Declaratory Relief Class, Civil Authority Declaratory Relief Washington Subclass, Crisis Management Coverage Declaratory Relief Class, Crisis Management Coverage Declaratory Relief Washington Subclass, Off Premises Special Event Cancellation Coverage Declaratory Relief Class, Off Premises Special Event Cancellation

COMPLAINT—CLASS ACTION - 28

Coverage Declaratory Relief Washington Subclass, Event Cancellation and Postponement

Expense Reimbursement Coverage Declaratory Relief Class, Event Cancellation and

Postponement Expense Reimbursement Coverage Declaratory Relief Washington Subclass,

Communicable Disease Extra Expense Coverage Declaratory Relief Class, and Communicable

Disease Extra Expense Coverage Declaratory Relief Washington Subclass.

95.     Plaintiffs seek a declaratory judgment declaring that Plaintiffs' and Class

Members' losses and expenses resulting from the interruption of their business are covered by

the Defendant's policies.

96.     Plaintiffs seek a declaratory judgment declaring that Defendant is responsible for

timely and fully paying all such claims.

### Count Two—Breach of Contract

*(Brought on behalf of the Business Income Coverage Breach of Contract Class,
Business Income Coverage Breach of Contract Washington Subclass, Extra Expense Breach
of Contract Class, Extra Expense Breach of Contract Washington Subclass, Extended
Business Income Breach of Contract Class, Extended Business Income Breach of Contract
Washington Subclasses, Civil Authority Breach of Contract Class, Civil Authority Breach of
Contract Washington Subclass, Crisis Management Coverage Breach of Contract Class,
Crisis Management Breach of Contract Washington Subclass, Off Premises Special Event
Cancellation Coverage Breach of Contract Class, Off Premises Special Event Cancellation
Coverage Breach of Contract Washington Subclass, Event Cancellation and Postponement
Expense Reimbursement Coverage Breach of Contract Class, Event Cancellation and
Postponement Expense Reimbursement Coverage Breach of Contract Washington Subclass,
Communicable Disease Extra Expense Coverage Breach of Contract Class, and
Communicable Disease Extra Expense Coverage Breach of Contract Washington Subclass)*

97.     Previous paragraphs alleged are incorporated herein.

98.     Plaintiffs bring this cause of action on behalf of the Business Income Coverage

Breach of Contract Class, Business Income Breach of Contract Washington Subclass, Extra

Expense Breach of Contract Class, Extra Expense Breach of Contract Washington Subclass,

Extended Business Income Breach of Contract Class, Extended Business Income Breach of

COMPLAINT—CLASS ACTION - 29

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Contract Washington Subclass, Civil Authority Breach of Contract Class, and Civil Authority Breach of Contract Washington Subclass, Crisis Management Coverage Breach of Contract Class, Crisis Management Breach of Contract Washington Subclass, Off Premises Special Event Cancellation Coverage Breach of Contract Class, Off Premises Special Event Cancellation Coverage Breach of Contract Washington Subclass, Event Cancellation and Postponement Expense Reimbursement Coverage Breach of Contract Class, Event Cancellation and Postponement Expense Reimbursement Coverage Breach of Contract Washington Subclass, Communicable Disease Extra Expense Coverage Breach of Contract Class, and Communicable Disease Extra Expense Coverage Breach of Contract Washington Subclass.

99.     The policies are contracts under which Plaintiffs and the class paid premiums to Defendant in exchange for Defendant's promise to pay Plaintiffs and the class for all claims covered by the policy.

100.     Plaintiffs have paid their insurance premiums.

101.     Plaintiffs have been denied coverage for its losses covered by the Policy.

102.     Upon information and belief, Defendant has denied, and will continue to deny coverage for Plaintiffs and other similarly situated policyholders.

103.     Denying coverage for the claims is a breach of the insurance contract.

104.     Plaintiffs are harmed by the breach of the insurance contract by Defendant.

## VII.     PRAYER FOR RELIEF

1.     Class action status under Federal Rule of Civil Procedure 23.

2.     A declaratory judgment that the policy or policies cover the Plaintiffs' losses and expenses resulting from the interruption of the Plaintiffs' business by COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or other authorities.

COMPLAINT—CLASS ACTION - 30

3.     A declaratory judgment that the Defendant is responsible for timely and fully paying all such losses.

4.     Damages.

5.     Pre-judgment interest at the highest allowable rate.

6.     Reasonable attorney fees and costs.

7.     Such further and other relief as the Court shall deem appropriate.

## VIII.   JURY DEMAND

Plaintiffs demand a jury trial on all claims so triable.

 DATED this 18th day of March, 2021.

KELLER ROHRBACK L.L.P.

By: *s/ Amy Williams-Derry*
By: *s/ Lynn L. Sarko*
By: *s/ Ian S. Birk*
By: *s/ Gretchen Freeman Cappio*
By: *s/ Irene M. Hecht*
By: *s/ Nathan L. Nanfelt*
By: *s/ Gabriel E. Verdugo*
       Amy Williams-Derry, WSBA #28711
       Lynn L. Sarko, WSBA #16569
       Ian S. Birk, WSBA #31431
       Gretchen Freeman Cappio, WSBA #29576
       Irene M. Hecht, WSBA #11063
       Nathan L. Nanfelt, WSBA #45273
       Gabriel E. Verdugo, WSBA #44154
       1201 Third Avenue, Suite 3200
       Seattle, WA 98101
       Telephone: (206) 623-1900
       Fax: (206) 623-3384
       Email: awilliams-derry@kellerrohrback.com
       Email: lsarko@kellerrohrback.com
       Email: ibirk@kellerrohrback.com
       Email: gcappio@kellerrohrback.com
       Email: ihecht@kellerrohrback.com
       Email: nnanfelt@kellerrohrback.com
       Email: gverdugo@kellerrohrback.com

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

CRANE DUNHAM PLLC

By: *s/ Stephen J. Crane*
    Stephen J. Crane, WSBA #4932
    3600 15th Ave W, Suite 200
    Seattle, WA 98119-1330
    Tel.: (206) 292-9090
    Fax: (206) 292-9736
    Email: scrane@cranedunham.com

**Attorneys for Plaintiffs and the Proposed Classes**

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384